**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                  No. CV-06-0082 JC/LCS
                                                                           CR-01-1317 JC

SANTIAGO LOPEZ,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court on Defendant's motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255 (Doc. 109) filed January 26, 2006. *See* 28 U.S.C. § 2255 R. 4(b).

Defendant was convicted on a superseding indictment charging drug conspiracy under 28 U.S.C. §

846. On March 12, 2004, the Court entered judgment on Defendant's conviction, and he did not

appeal his conviction or sentence. Defendant claims that his sentence is illegal under the Supreme

Court's decision in *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005). He also asserts a

claim of ineffective assistance of counsel.

      Defendant's allegations of illegal sentence do not support his § 2255 claim. The *Booker* ruling

provides no basis for collateral review of a criminal conviction or sentence. *See United States v.*

*Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir.

2005). By its express terms, the decision in *Booker* applies only to pending cases and those on direct

review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not

entitled to relief under this decision, and his *Booker* claim will be dismissed.

      As indicated by the dates set forth above, Defendant's motion was filed after expiration of the

one-year limitation period in § 2255.  His claim of ineffective assistance of counsel is thus barred and must be dismissed unless there is a basis for equitable tolling.  *United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec 13, 1999).  The Court raises the time bar to this § 2255 motion *sua sponte* and will allow Defendant an opportunity to respond.  *Cf. Harris v. Champion,* 48 F.3d 1127, 1132 n.4 (10th Cir. 1995) (ruling that court may *sua sponte* raise abuse of writ doctrine if petitioner is given notice and adequate opportunity to respond); *Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness was raised *sua sponte* and petitioner allowed to respond); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default).  Defendant will be allowed to show cause why his claim of ineffective assistance of counsel should not be dismissed.

IT IS THEREFORE ORDERED that Defendant's claim of illegal sentence under *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005) is DISMISSED with prejudice;

IT IS FURTHER ORDERED that, within twenty (20) days from entry of this order, Defendant shall file a response showing cause, if any, why his claim of ineffective assistance of counsel should not be dismissed as untimely.

_____
SENIOR UNITED STATES DISTRICT JUDGE